UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:21-cr-230 |
| VERSUS | JUDGE DOUGHTY |
| DELON SCOTT | MAGISTRATE JUDGE MCCLUSKY |

**DEFENDANT'S MOTION TO SUPPRESS AND INCORPORATED MEMORANDUM**

NOW INTO COURT comes defendant, DELON SCOTT, through undersigned counsel who respectfully moves to suppress evidence and statements unlawfully obtained in connection with the above captioned case.

On December 8, 2020, an officer from the Mangum Police Department conducted a traffic stop on a vehicle driven by Mr. Delon Scott. The officer, Jeffrey McDonald, reports that he issued a traffic ticket to Mr. Scott for speeding. After inquiring whether he had anything illegal in the car, the officer further reports that Mr. Scott reached into the passenger side of the vehicle and grabbed a clear plastic vacuum bag containing 8 grams of suspected marijuana.

Deputies from the Richland Parish Sheriff's Office who had already arrived on the scene assisted Officer McDonald search the vehicle. The officers reportedly seized suspected drugs and firearms. In the trunk of the vehicle, the search team discovered a loaded AK-47 with an obliterated serial number, a box of 50 one quart Ziploc bags, a Scalex brand pocket scale, an AR-15 complete pistol length upper receiver, and a RWB AR-15 100 round beta magazine. Under the vehicle's hood, the search team seized 4 handguns, one of which was stolen, and a clear plastic

1

bag containing suspected narcotics. According to Officer McDonald's report, the narcotics were separately packaged and included 20 suspected hydrocodone pills, 58 oxycodone pills and 61 oxycodone pills, 4.1 ounces of suspected methamphetamine, 19 grams of suspected marijuana, and 15 containers suspected of containing DAB/THC

From the rear seat of the vehicle, the search team seized a blue backpack which contained a clear plastic bag with $7000.00 cash, wrapped in seven separate bundles of $1000.00. During the search of Mr. Scott's person, $ 279.00 in cash was seized.

Although ordinarily, the movant bears the burden of proof at a motion to suppress hearing, when "a defendant produces evidence that he was arrested or subjected to a search without a warrant, the burden shifts to the government to justify the warrantless arrest or search. *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977). In this case, neither the initial seizure of Mr. Scott nor the subsequent search of the vehicle he was driving, were supported by the issuance of a warrant.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." It is axiomatic that "a warrantless search ... is presumptively unreasonable, and it is the government's burden to bring the search within an exception to the warrant requirement (internal quotations omitted). " *United States v. Staggers*, 961 F.3d 745, 757 (5th Cir. 2020). A traffic stop constitutes a seizure for purposes of the Fourth Amendment. *United States v. Valadez*, 267 F.3d 395, 397 (5th Cir.2001). "The legality of a traffic stop is analyzed under the framework articulated in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)." *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). This test asks two questions: (1) was the stop "justified

2

at its inception"; and (2) "was it reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19–20, 88 S.Ct. 1868.

With regard to the search and seizure of Mr. Scott and his vehicle, the Government has not yet proven either prong of the *Terry* test, i.e., that the traffic stop was justified at its inception and did not exceed the time necessary to resolve the alleged reason for the stop. Furthermore, Mr. Scott contends that the Government will not be able to prove that the search and seizure of Mr. Scott and the vehicle he was driving were authorized under any other recognized exception to the warrant requirement.

The discovery tendered by the Government does not reveal whether Mr. Scott made any statements, inculpatory or otherwise, during the above described events or thereafter. However, to the extent that he may have, such evidence should also be suppressed as "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963). Failure to properly *Mirandize* him prior to interrogation could also provide an alternative basis for suppressing any statements he may have made.

WHEREFORE, defendant, Delon Scott, respectfully prays that any and all evidence seized as a result of the illegal search and seizure described above, as well as any incriminating statements

*(continued on next page)*

or evidence derived therefrom, be suppressed as having been obtained in violation of his Fourth and Fifth Amendment rights.

               Respectfully submitted,

               REBECCA L. HUDSMITH
               Federal Public Defender for the Western and
               Middle Districts of Louisiana

               *s/ Betty L. Marak*

               _____
               Betty L. Marak, LSBA No. 18640
               Assistant Federal Public Defender
               300 Fannin Street, Suite 2199
               Shreveport, Louisiana 71101
               (318) 676-3310
               Fax (318) 676-3313
               E-mail: betty_marak@fd.org