**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00230-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DELON SCOTT (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 72] filed by Defendant Delon Scott ("Scott"). The Government opposes the motion [Doc. No. 77]. A Reply [Doc. No. 78] was filed by Scott.

For the reasons set forth herein, Scott's Motion is **DENIED**.

**I.     BACKGROUND**

On September 23, 2021,[1] Scott was indicted on drug and gun charges. A Superseding Indictment[2] was filed on January 26, 2022. A Motion to Suppress[3] was filed by Scott on February 11, 2022. An evidentiary hearing on the Motion to Suppress was set for April 6, 2022. An Opposition[4] to the Motion to Suppress by the Government was filed on March 14, 2022.

The scheduled hearing on the Motion to Suppress was never held because on May 17, 2022,[5] Scott plead guilty to the charges of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(viii) (Count One), and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Count Two).

---

[1] [Doc. No. 1]
[2] [Doc. No. 21]
[3] [Doc. No. 31]
[4] [Doc. No. 33]
[5] [Doc. No. 39]

On August 23, 2022,[6] Scott was sentenced to 120 months imprisonment on Count One and sixty (60) months imprisonment on Count Two, to be served consecutively, for a total of 180 months imprisonment. Scott appealed,[7] and on August 31, 2023, the United States Court of Appeals for the Fifth Circuit dismissed his appeal as frivolous.[8]

On June 10, 2024, Scott filed the pending Motion.[9] Scott bases his motion on two arguments. Namely, he asserts that his guilty plea was induced involuntarily, and he argues that his sixth amendment constitutional rights were violated pursuant to ineffective assistance of counsel [Doc. No. 72]. Specifically, he argues that his counsel failed to investigate his case for a proper defense, his defense counsel was ineffective for failing to provide evidence in violation of an illegal search and seizure, and that his counsel was ineffective for "coercing" Scott's guilty plea, thereby causing a conflict of interest between Scott and his attorney.

The issues are briefed, and the Court is prepared to rule. [Id.]

## II. LAW AND ANALYSIS

### A. Law

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither

---

[6] [Doc. No. 52]
[7] [Doc. No. 55]
[8] [Doc. No. 70]
[9] [Doc. No. 72]

constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003), the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*. at 504. *See United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for the proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020).

The first prong of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure

4

to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### B. Analysis

The Court finds that to the degree Scott makes any claims except for the ineffective assistance of counsel claims, those are procedurally barred, and will not be considered. However, to the degree he does make ineffective assistance of counsel claims, the Court will analyze those claims below.

Therefore, Scott must now satisfy the two-part *Strickland* test. First, he must show that his attorney's actions were objectively unreasonable and secondly, that his attorney's unreasonable actions resulted in prejudice.

#### 1. Scott's guilty plea was voluntary.

Scott maintains that his guilty plea was involuntary because his attorney was ineffective, coerced him into pleading guilty, and did not inform him that when pleading guilty, he would not be able to challenge on appeal any Fourth Amendment violations resulting from an illegal search and seizure [Doc. No. 72]. Therefore, Scott must show the Court that there exists "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhard*, 474 U.S. 52, 59 (1985). "[T]o obtain relief on this type of claim [of erroneous advice to plead guilty], a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988).

Despite attorney performance, any sentence should be upheld if the plea was entered voluntarily. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Scott fails to show that his plea was involuntary. There is a complete transcript in the record of the change of plea hearing.[10] Scott, who was placed under oath,[11] told the Court he understood his plea,[12] that he read and signed the plea package,[13] that he had enough time to discuss the case with his attorney, and that he was satisfied with his attorney's representation of him.[14] Scott also told the Court he was willing to waive his rights to a trial and the other rights he was given.[15] Scott also testified he understood the plea agreement and that no other promises had been made to him.[16] Scott also agreed with the facts set out in the Written Factual Basis.[17] Scott has failed to provide evidence showing that his plea was involuntary. Scott stated he understood the plea agreement, which did not contain a reservation to pursue his Motion to Suppress. Scott alleges that his attorney induced him to enter the plea despite his will, yet he has failed to provide evidence showing that he pleaded guilty under the impression that he would be able to challenge the search of his vehicle (which was at issue in the motion to suppress).

Therefore, the Court finds that there is not a scintilla of evidence that Scott would have proceeded to trial had he known that he could not further challenge the search. The guilty plea was voluntary, and there is no evidence that Scott would have gone to trial absent his attorney's actions. The Court further finds that the advisement by Scott's attorney to enter into the guilty plea was reasonable and not prejudicial to Scott. Scott received a three-point reduction in his base offense

---

[10] [Doc. No. 64]
[11] [Id. at 4-5]
[12] [Id. at 17]
[13] [Id. at 5]
[14] [Id. at 7]
[15] [Id. at 9]
[16] [Id. at 17]
[17] [Id. at 20]

level for accepting responsibility. His attorney also advised him to plead guilty after reviewing the evidence against Scott, which was not favorable to him.[18] Scott's attorney was, under these circumstances, effective in advising him to enter a plea of guilty. Therefore, this portion of his motion is **DENIED**.

### 2. Scott's attorney was effective in investigating the motion to suppress.

Next, Scott argues that his attorney was ineffective in failing to fully investigate and litigate the pending Motion to Suppress. Scott fails to show that there was a reasonable possibility that he would have been successful in his Motion to Suppress. The record reflects that Mangham Police Officer McDonald stopped Scott for speeding, specifically he was driving 58 mph in a 45-mph speed zone. Scott does not contest that he was speeding. Therefore, there was reasonable suspicion to stop Scott. While Officer McDonald was giving a speeding ticket to Scott, Officer McDonald asked Scott whether he had anything illegal in his car. Scott stated that he did, and Scott brought Officer McDonald some marijuana he had in the vehicle. The Richland Parish Sheriff's Office was called, Scott was arrested, and his car was searched incident to a valid arrest. The evidence that Scott found was illegally obtained was found by a search incident to a valid arrest. A search incident to a valid arrest is constitutionally valid.

Not only has Scott failed to show a reasonable probability he would have been successful on the Motion to Suppress, but there is also a reasonable probability that the Motion to Suppress would have been denied.

Because Scott has not shown a reasonable probability that he would have been successful on his Motion to Suppress, all of Scott's arguments fail. Scott's attorney was not constitutionally

---

[18] [Doc. No. 33]

ineffective for advising Scott to plead guilty, failing to investigate the Motion to Suppress, or in failing to pursue the Motion to Suppress.

### 3. There was no conflict of interest.

Finally, Scott argues that there is a conflict of interest between him and his attorney. His argument on this is unclear, but the Court construes it to be that Scott is arguing there is a conflict between him and his attorney because of a personal interest between the attorney and Scott (the client). Therefore, the *Strickland* test must apply here as well. However, Scott fails to produce any evidence indicating that there is a conflict here. As stated above, the attorney was reasonable in advising Scott to plead guilty because it is unlikely that Scott would have prevailed on his Motion to Suppress.

### C. Evidentiary Hearing

Scott requests a hearing. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true"). *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

For the reasons set forth above, the Court finds that Scott failed to demonstrate that there are viable issues within his Motion. Therefore, Scott will not be granted a hearing. His Motion is **DENIED** to the extent it seeks such a hearing.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Delon Scott's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 72] is **DENIED** in its entirety.

**IT IS FURTHER ORDERED** that Scott's request for an evidentiary hearing is **DENIED**.

MONROE, LOUISIANA, this 23rd day of August 2024.

*[signature]*

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE